POPE & SLOCUM v. JACOBUS, *et al.*

1. ASSIGNMENT OF A MORTGAGE. The assignment of a debt secured by mortgage draws after it the mortgage, but an assignment of the mortgage without the debt, transfers a naked trust, and does not cut the mortgagor off from any equity existing in his favor against the note as if it was in the hands of the payee.
2. EQUITABLE RELIEF: *Semble*, that an assignment of a mortgage and a verbal assignment of the debt might be regarded as valid, between the parties, in equity.

*Appeal from Clayton District Court.*

THURSDAY, DECEMBER 29.

DEFENDANTS made a mortgage to one Fields, to secure a note payable to him *or order*. Before the note matured, Fields, for value received, assigned all his "right, title and interest" in said mortgage to plaintiffs. They bring this bill to foreclose, and aver that the note, as well as the mortgage, is their property, *but it isnot assigned.*

Defendants answer that the consideration for which said note was given (specifying it) has entirely failed. To this answer there was a demurrer, which was overruled, and plaintiffs abide by their demurrer, and appeal to this court.

*Elijah Odell* for the appellants, cited Stevens N. P. 1060; *Wilson* v. *Troup*, 2 Cow. 195; Ib. 781; 6 John. 49; 5 Cow. 170; 8 Mass. 214; 10 Ib. 579; 11 Ib. 302; 4 Dal.

345; 2 Shep. 233; 1 John. C. 173; *Burkley* v. *Chapman*, 9 Conn. 5; *Dudley* v. *Caldwell*, 19 Conn. 218; *King* v. *Harrington*, 2 Aik. 33.

*Baugh & Stoneman* for the appellees.

No brief on file.

WRIGHT, C. J.—Two questions are made: *First*, Does the assignment of the mortgage carry with it the the note; *Second*, If it does, will· such an assignment, being made before the maturity of the note, have the effect of cutting off all equities in favor of the makers of the note against the payee. The assignment of the debt, it is conceded as a general rule, draws after it the mortgage, as a consequence or appurtenance to it. An assignment of the interest of the mortgagee in the land, without an assignment of the debt, is considered as the mere transfer of a naked trust, and is without any meaning or use, as far as relates to the debt. "This" says Chancellor Kent "is the general language of the courts of law, as well as the courts of equity, and the common sense of parties, the spirit of the mortgage contract, and the reason and policy of the thing, would seem to be with the doctrine." 4 Kent 194, 1 Hill. on Mortg. 164, 166, 170; *Johnson* v. *Hart*, 3 John. Cases 329; 2 Story's Eq. 1023, note; *Wilson* v. *Troup*, 3 Cow. 195; *Garroch* v. *Sherman*, 2 Hallstead Ch. 219. In one case it is said that the land is but appurtenant to the debt; whoever owns the latter is likewise owner of the former," and again "it is but an incident attached to the debt, and in reason and propriety it cannot and ought not to be detached from its principal. The mortgage interest as distinct from the debt is not a fit subject of assignment. It has no determinate value." And see *Crow, McCreary & Co.* v. *Vance*, 4 Iowa 434; *Carroll* v. *Reddington*, 7 Iowa 386; *Wood* v. *Sands*, 4 G. Greene 214. In this last case it is said that the assignment of the mortgage without the assignment of the note, created no liability against the assignor whatever. That

case is not unlike this, in the fact that the petition alleged that the note was assigned, while the copy attached showed that it had not been indorsed.

We do not wish to be understood as saying that the written assignment of the mortgage, and a parol assignment of the note, or even a parol assignment of both might not be good in equity as between the parties, or for some other purposes. We only hold that the assignment of the mortgage alone, does not so transfer the principal thing, the debt, as to cut the mortgagors off from any equity existing in their favor against the note, to the same extent as if it was in the hands of the payee.

The judgment on the demurrer is affirmed.