## HINDS v. MOOERS *et al.*

1. MORTGAGE: PRO TANTO SECURITY. Several notes secured by the same mortgage should be paid out of the mortgage fund in the order in which they fall due.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 18.

*Cooley, Blatchley & Adams* for the appellant.

*H. A. Wiltse* for the appellee.

LOWE, C. J.—This case presents but one question arising out of the following facts :

The defendants Mooers and Winegar executed to Anderson, a third defendant, their six several promissory notes, secured by mortgage. The second note ($1300) was assigned by Anderson to plaintiff, waiving protest, &c., Anderson retaining in his possession the first and last four notes of the series. The plaintiff filed his petition to foreclose, making parties defendants; 1. Mortgagors, 2. Anderson, an incumbrancer, and 3. Charles and Nelson Winn, subsequent purchasers of the mortgaged premises. None of these defendants appeared except Anderson who made known to the court through his answer that he held five notes secured by the same mortgage, one for $343,09 which was prior in maturity and payment to plaintiff's note, and four others falling due after his note. Upon these facts the court rendered judgment of foreclosure and ordered that the mortgage fund should be applied; 1, To the payment of the costs of the proceedings ; 2, To the defendant Anderson's debt of $343,09 ; 3, To the plaintiff's claim of $1329 ; and 4, To the residue of Anderson's claim. This was adopting the rule heretofore correctly established, in our judgment, that different debts secured by the same mortgage, are to be paid from the mortgage fund in the order in which they fall due.

13 Ohio R. 240 ; 8 Blackf. 447 ; 10 N. H. 466 ; 1 Hilliard 469 ; *Rankin* v. *Major*, 9 Iowa 294[1].

The objection raised by plaintiff is, that Anderson's liability to the plaintiff on his indorsement, extinguished his equity or in some way destroyed his right, even as a prior incumbrancer to be paid first out of the mortgage fund. But we are unable to see how this fact should render him an exception to the general rule, which the plaintiff's counsel admit to be correct. His liability upon his indorsement is a question not before the court. We can readily conceive how that liability may have been canceled or waived.

Anderson was made a party defendant not because he was an indorser upon the note secured by this mortgage, but because he was himself an incumbrancer, and as such his rights must be protected as any other senior or junior mortgagee. The truth is that the legal effect of Anderson's indorsement of the note was to carry a *pro tanto* interest in the mortgage now sought to be foreclosed, subject to the paramount claims of notes previously due whether in the hands of the indorser or third persons.

The judgment of the court below was correct and is affirmed.

Judgment affirmed.

1. See *Grapengether* v. *Fejervary*, 9 Iowa 163.