## SANGSTER v. LOVE *et al.*

1. ASSIGNMENT OF NOTE AND MORTGAGE. The assignment of a promissory note secured by mortgage, carries the mortgage with it; and the assignee may maintain an action in his own name, to enforce the mortgage lien; following *Crow* v. *Vance*, 4 Iowa 440; *Pope* v. *Jacobus*, 10 Ib. 262; *Wood* v. *Sands*, 4 G. Greene 217.

2. SAME; PRIORITY OF APPLICATION. When a mortgage is given to secure the payment of several notes falling due at different times, the proceeds arising from a foreclosure and sale of the mortgaged premises will be applied in payment of the notes in the order in which they fall due; following *Rankin* v. *Meyer*, 9 Iowa 297; *Grapengether* v. *Fejervary*, Ib. 163.

3. SAME. Where three notes secured by one mortgage were due in one two and three years, and the notes maturing in two and three years, were assigned to different parties, it was held that a decree foreclosing mortgage for the payment of the third note made while the second note remained unpaid in a proceeding in which the holder of the second note was not a party, did not deprive the assignee of the second note of his mortgage lien even though there was no fraud in the proceeding in which the decree was entered.

*Appeal from Johnson District Court.*

TUESDAY, JUNE 4.

LOVE and others made their three notes to L. & W. T. Allen, and secured the same by mortgage on certain property in Iowa City. These notes were due in one, two and three years. The second note was transferred by written indorsement to complainant, and the third in the same manner to Moore & Co. Complainant files his bill setting forth the above facts, averring also that the first note had been paid, that Moore & Co. had instituted proceedings in the Johnson

District Court, to foreclose said mortgage because of the non-payment of the note assigned to them, stating in their petition falsely and fraudulently that the *second* note had been paid, that complainant had no notice whatever of the pendency of said suit, that the Allens were not made parties, that a decree was entered according to the prayer of the petition for the foreclosure of the mortgage, and ordering the sale of the premises to satisfy the amount found due on on the third note. The complainant then claims that by virtue of the assignment of the second note, his claim is paramount to that of Moore & Co., and should be first paid and satisfied ; and the prayer is in substance for a foreclosure and a decree postponing Moore & Co., and other lien creditors until complainant's note is paid.

Moore & Co. demurred to the bill, which was overruled ; and from this order they appeal.

*Clarke & Davis*, for the appellant.

I. The allegations of fraud are insufficient in this, that they do not set up the facts constituting the fraud. Story's Eq. Pl. section 251.

II. The general rule is, that the debt is the principal thing and the mortgage is the incident; and the assignment of the former carries with it the latter. To this rule there is this qualification, the incident to the debt, in this case the mortgage, must be delivered to the assignee of the debt in order to constitute an assignment of the incident; and especially is this true, where the incident, the mortgage, is executed to secure more than one note or debt, all of which are not assigned. *Greene* v. *Hart*, 1 John. 580; *Paine* v *Fitch*, 4 Ham. 318; *Clearwater* v. *Rose*, 1 Black 137.

III. The plaintiff claims that his debt is paramount to that of John Moore & Co., and should be first satisfied and paid off, for the reason that the note assigned to him became due before that assigned to Moore & Co. This position is certainly not sustained by the authorities. *Langdon* v. *Keith*, 9

Verm. 299; *Cullom* v. *Irwin*, 4 Ala. 452; *Cooper* v. *Ullman*, Walk. Ch. 251; *Betts* v. *Heebner*, 1 Penn 280; *Henderson* v. *Herrod*, 10 Smedes & Mar. 631; *The State Bank* v. *Tweedy, et al* 8 Blackf. 447; *Dick* v. *Monroe*, 9 Smedes & Mar. 488; *Ewing* v. *Arther*, 1 Hump. 537; *Page* v. *Pierce*, 6 Foster (N. H.) 317; *Reys* v. *Wood*, 21 Verm. 331; *Belding* v. *Manley*, 21 Verm. 550.

*Fairall* and *Boal* for the appellees, in reply to the first point made by the counsel for the appellant, cited *DeLouis* v. *Meek*, 2 G. Greene 55; *Harrison* v. *Kramer et al* 3 Iowa 543; and *Hampton* v. *Pearce*, Morris 489; to the second point, *Keyes* v. *Wood*, 21 Verm. (6 Wash.) 331; *Crow Mc Creary & Co.* v. *Vance*, 4 Iowa 434; to the third point, *Rankin* v. *Major*, 9 Iowa 297.

WRIGHT, J.—It was announced in *Crow* v. *Vance*, 4 Iowa, 440, as the settled doctrine in equity, that the assignment of a promissory note, secured by mortgage, carries the mortgage with it; and that the assignee may maintain an action upon it in his own name, to enforce the lien. And see *Pope* v. *Jacobus*, 10 Iowa, 262; *Woods* v. *Sands*, 4 G. Greene, 214; *Keys* v. *Wood*, 21 Verm. 331; *Belding* v. *Manley*, Ib. 550. In the Vermont cases it was held that if the debt secured by the mortgage be assigned, and there is no agreement to the contrary, the mortgage in equity goes with it. And further that if the mortgage is given to secure several notes, and the one first due is assigned to A. and then the other notes *with the mortgage* to B, A is entitled to the benefit of the mortgage.

Following these authorities, which are well sustained and accord with sound reason and justice, we are clear the complainant, by the assignment of the note, acquired a right to control the mortgage to the extent of having the mortgaged property applied to the payment of his debts. To complete or perfect this right it was not necessary that the mortgage should have been delivered to him.

When it was averred in the bill, as it is, that complainant's debt was unpaid, and that Moore & Co. had proceeded to foreclose the mortgage given to secure the notes held by each, *without making complainant a party*, sufficient was shown without reference to any allegation of *fraud* in procuring the decree. If Moore & Co. proceeded to foreclose the mortgage without making the holders of the other note parties, or upon the hypothesis that it had been paid, they did so at their peril, and if upon a bill subsequently filed by such holder, it should be made to appear that this note was unpaid, and that the holder was entitled to the prior lien; the decree in favor of Moore & Co. would not conclude the equity of the other party, and such other party would be entitled to relief independently of any question of fraud in filing the first bill. Entertaining this view, it becomes immaterial to enquire whether the allegation of fraud is sufficiently sustained by any statements of facts.

It was held in *Rankin* v. *Major*, 9 Iowa 227, that where a mortgage is given to secure the payment of several notes falling due at different times, upon a foreclosure, and sale of the premises, the proceeds are to be applied to the payment of the notes in the order of time in which they fall due. The note first due is to be first paid. And see *Grapengether* v. *Fejervary*, Ib. 163; *St. B'k* v. *Tweedy*, 8 Blackf. 447. Complainant being therefore the holder of the note first due and unpaid, is entitled to be first paid from the mortgaged premises.

The order overruling the demurrer is sustained.