# REEDER v. CAREY *et al.*

1. MORTGAGE: ORDER OF PAYMENT, Where C executed a mortgage to secure the payment of a sum named, six months after date, and a further sum two years after date, and the mortgagee afterwards assigned a portion of the sum last maturing to G, and all of the remainder to R, it was held that the proceeds arising from the sale of the mortgaged premises should be applied, first, to the satisfaction of the sum first maturing; second, to the satisfaction *pro rata* of the claims of the assignees of the last payment; following *Grapengether* v. *Fejervary*, 9 Iowa, 164; *Rankin* v. *Major*, Id., 297.

*Appeal from Lee District Court.*

THURSDAY, JUNE 5.

IN March, 1858, Carey executed a mortgage to Poor, to secure $157.50 in six months, and $540 in two years, from date. In April, 1859, the mortgagee assigned $150, "*being part of the last payment,*" to Gorgas, and in May, 1860, assigned the mortgage, and all rights under the same, to complainant. The court below held that the mortgaged premises should be sold, and from the proceeds, Gorgas should be first paid the amount assigned to him, and from this order complainant appeals.

*Tho's F. Withrow* for the appellant, cited *Grapengether* v. *Fejervary*, 9 Iowa, 164; *Rankin* v. *Major*, Id., 297.

*Cook & Drury* for the appellee, relied upon *The Mechanics' Bank* v. *The Bank of Niagara*, 9 Wend., 410.

WRIGHT, J.[1] — It seems to us that the principles recognized in *Grapengether* v. *Fejervary*, 9 Iowa, 164, *Rankin* v. *Major*, Id., 297, and *Sangster* v. *Love*, 11 Id., 580, sustain appellant's position, and that the decree below should be modified accordingly. The fact that notes were not executed by the mortgagee, and that the only evidence of indebtedness is the mortgage, cannot change the rule. The complainant held and owned the amount first due, ($157.50,) and this should be first paid. The remaining proceeds, if any, should be applied *pro rata* to the satisfaction of the claims held by the parties in the last payment.

It is proper to say that this is a controversy between the *assignees* of debts secured by the mortgage, and not between the mortgagee and the assignee of a part of the debt, as in

---

[1] LOWE, J., being interested took no part in the determination of this cause.

*The Mechanics' Bank* v. *The Bank of Niagara*, 9 Wend., 410. Not only so, but there the court held that the parties had by agreement given priority to the assignee.

Decree modified as above, and entered in this court, if desired.