## Massie v. Sharpe *et al.*

1. MORTGAGE DEBT: ORDER OF PAYMENT. Where several notes are secured by the same mortgage the proceeds arising from the sale of the mortgage property should be applied in their payment in the order of their maturity, following *Grapengether* v. *Fejervary*, 9 Iowa, 163; *Rankin* v. *Mayor*, Id., 297; *Sangster* v. *Love et al.*, 11 Id., 580; *Hinds* v. *Mooers et al.*, Id., 211; *Reeder* v. *Carey et al.*, *ante.*

*Appeal from Dubuque City Court.*

FRIDAY, OCTOBER 10.

*Burt, Angel & Lyon*, for the appellant, relied upon *Rankin et al.* v. *Majors*, 9 Iowa, 297 ; *Grapengether* v. *Fejervary*, Id. 163.

No appearance for the appellee.

LOWE, J. — The mortgage for the foreclosure of which this suit was brought, was given to secure the payment of five thousand dollars, payable in seven annual installments. The last six, evidenced by notes, as was also the first, were assigned by Elizabeth Mann and husband, mortgagees, to plaintiff, retaining the first note themselves. The assignee, in foreclosing, makes the mortgagees, Elizabeth Mann, and her husband, James Mann, parties defendant, also other senior and junior incumbrancers.

On hearing, the court decreed that the plaintiff and Elizabeth Mann and her husband should be paid *pro rata* after extinguishing prior claims, from the proceeds of the mortgaged premises. This is properly made a ground of complaint, and the decree will be modified so as to conform to our previous rulings on this subject. *Grapengether* v. *Fejervary*, 9 Iowa, 163; *Rankin* v. *Major*, Id., 297 ; *Sangster* v. *Love et al.*, 11 Id., 580; *Hinds* v. *Mooers et al.*, Id., 211; *Reeder* v. *Cary et al.*, *ante.*

A modified decree will be entered in this court.

Reversed.