PRESTON, KEAN & CO. v. MORRIS CASE & CO.

1. **Mortgage:** PROMISSORY NOTE: ASSIGNMENT. The assignment of the note carries with it the mortgage, and the right of foreclosure upon the latter follows the right to obtain judgment upon the former.

2. ———: ———: ———. The assignee takes the mortgage as he takes the note, free from the defenses to which it is subject in the hands of the mortgagee.

3. ———: HOMESTEAD: INNOCENT HOLDER. The right to mortgage the homestead existing, the fact that it is a homestead will not defeat the foreclosure of the mortgage in the hands of an innocent holder who had no notice that the mortgage was without consideration.

*Appeal from Black Hawk Circuit Court.*

FRIDAY, MARCH 24.

ON the 14th day of December, A. D. 1872, the defendant executed his negotiable promissory note payable to the order of H. M. Crittenden, cashier, and to secure the same executed a mortgage on his homestead and left both with Crittenden or the Waterloo Savings Bank, of which Crittenden was cashier. The object in the execution of the note and mortgage being to secure future loans of money which Crittenden agreed to make from time to time, as defendant might require for the purpose of purchasing stock. On the 17th day of December, A. D. 1872, the mortgage was filed for record, without the knowledge or consent of the defendant; no money or other valuable thing ever having been received therefor by the defendant at any time.

On the 5th day of September, A. D. 1873, Crittenden as cashier remitted the note and mortgage, together with several others, to the plaintiffs as collateral security for money that day loaned. When the note was received by the plaintiffs it was indorsed in blank by the payee. There was a trial to the court who made a finding of facts as follows:

1. That the money on the note never was received by the defendant.

2. That the note was transferred before due to the plaintiffs, and as conclusions of law rendered judgment against defendant for the amount due on the note and dismissed so much, of the petition as asked a foreclosure of the mortgage. Plaintiffs appeal.

*Boies, Allen & Couch,* for appellants.

The grantor in a mortgage purporting to have been made to secure a negotiable note cannot interpose the defense of failure of consideration to such instrument in the hands of one who acquired the note in the ordinary course of business for value and without notice. (*Carpenter v. Longan,* 16 Wall, 273; *Sawyer v. Prickett,* 19 Id., 146.) The maker of a note which was negotiated before maturity cannot plead latent infirmities to defeat it if acquired by the holder without fraud or notice. (*Gage v. Sharp,* 24 Iowa, 15; *Douglass v. Matting,* 29 Id., 498; *Wright, Dryden & Co. v. Flynn,* 33 Id., 160.) The innocent holder of a chose in action, taken as collateral for the loan of money, acquires a valid title to the extent of the loan made. (*Moore v. Metropolitan Bank,* 55 N. Y., 41.) See, also, *Bernard v. Campbell,* 55 N. Y., 456.

*Miller & Preston,* for appellees.

A mortgage is not negotiable and does not partake of the nature of the instrument it is intended to secure, and any defense good against the grantee would also be good against the assignee. (*Olds v. Cummings,* 31 Ill., 188.)

SEEVERS, CH. J.—I. That the judgment rendered by the Circuit Court on the note is correct all the authorities concede. But on the remaining and only question in the case, the same uniformity does not exist. It is agreed, however, on all hands that the note is the principal thing and the mortgage the incident, and that the assignment of the note carries with it the mortgage. It would, therefore, seem necessarily to follow, if the title and right of the assignee to obtain judgment on the note exists, so

1. MORTGAGE: promissory note : assignment.

must his right to have a foreclosure of the mortgage given as security for the payment of the note. It is certainly true, if the maker of the note and mortgage receives value for them, the assignment of the note carries with it the mortgage and all the rights attaching thereto. The right of the assignee to avail himself of the mortgage exists through the transfer of the note, and does not depend upon the question of consideration. The rule adopted by the Circuit Court gives more force and potency to the incident than to the principal. The note remains in full force and vigor, but the mortgage, which makes the note of practical value, or a something more than an empty show, void.

This question was before the Supreme Court of the United State in *Carpenter v. Longan*, 16 Wall., 273, in deciding which the following language is used: "The assignee takes the mortgage as he takes the note, free from the objections to which it is liable in the hands of the mortgagee." With great deference to the learned courts which have ruled differently, we think this the better rule and therefore adopt it.

II. The fact that the defendant is a widower, the head of a family and the mortgage on his homestead, can make no difference. If value had been received for the note and mortgage, still unless the right to mortgage the homestead for the payment of the debt existed, the mortgage would have been void. The converse of this proposition must be true, that is, if the right existed and the homestead mortgaged, it is immaterial whether value or any consideration was received or not. The homestead right exists independent of any such question, under and by virtue of the statute.

3. ———: homestead: innocent purchaser.

REVERSED.