## UPDEGRAFT v. EDWARDS ET AL.

1. **Promissory Note:** INDORSEMENT: MORTGAGE. The transfer of a note by indorsement carries with it the mortgage and frees the mortgage in the hands of a good faith holder, like the note, of any equities between the original parties.

2. **Practice:** DEMURRER. Where the parties have recognized in a stipulation the fact that a demurrer has been tendered, they cannot afterwards object that the demurrer should not be considered because it is not in proper form.

*Appeal from Clay District Court.*

THURSDAY, APRIL 5.

ACTION to foreclose a mortgage securing a promissory note. The makers of the note and others claiming an interest in the land were made parties. The court rendered a general judgment against the makers of the note, and entered a decree

canceling and setting aside the mortgage.    Plaintiff appeals. Other facts of the case appear in the opinion.

*Samuel Gonser*, for appellant.

*E. E. Snow*, for appellees.

BECK, J.—I.   The petition alleges that the note was indorsed to plaintiff before maturity and for value.   It contains proper averments of facts entitling plaintiff to judgment against the makers, and to the foreclosure of the mortgage given to secure the note.   J. J. Wilson & Co. are made defendants, on the ground that they have, or claim to have, some lien or claim upon the mortgaged property which is inferior to plaintiff's lien.

The defendant, Edwards, and his wife (makers of the note), answered, setting up that on account of certain transactions between them and the payee of the note, whereby the payee became indebted to defendants, he agreed that the note should be discharged by defendants crediting the amount thereof upon their claim against him.   The answer admits "that plaintiff is an innocent purchaser of said note before due and for value, and without notice of the equities herein set out."

Wilson & Co., in their answer, allege that they recovered a judgment against the makers of the note, which was declared a lien upon the same property covered by the mortgage.   The ground upon which this judgment was made a lien is that the property was purchased and improved by defendants, Edwards and wife, out of the proceeds of property owned by Wilson & Co., and appropriated to his own use by Edwards while he was employed as an agent of Wilson & Co.   This judgment was rendered after the execution and recording of plaintiff's mortgage, and proceedings in the action appear to have been commenced subsequently to the attaching of plaintiff's lien.   The answer admits the indorsement of the note by the payee to plaintiff, and charges that the indorser is liable thereon.

To these answers plaintiff demurred.   Thereupon the fol-

lowing stipulation was entered into by the parties and filed in the case:

"It is hereby stipulated by and between the parties hereto that there shall be no further pleadings filed in this cause, other than plaintiff's petition, defendants' answers, and plaintiff's demurrer thereto, and that all parties shall stand upon their respective pleadings; that if plaintiff's demurrer is overruled defendants shall take judgment in this court without proof, as prayed in their several answers; and if said demurrer is sustained plaintiff shall have judgment without proof as prayed in his petition. Each party reserves the right of appeal."

The demurrer was submitted and overruled. But the court rendered judgment against Edwards and wife for the amount of the note, and entered a decree canceling the mortgage.

II. The decision of the court overruling the demurrer and the decree canceling the mortgage are erroneous.

The note having been indorsed before maturity to a good faith holder cannot be affected in his hands by any equities held by the makers. The mortgage securing the debt passed by the transfer of the note and was held in a like manner free of equities between the original parties. *Preston, Kean & Co. v. Morris, Case & Co.*, 42 Iowa, 549.

1. PROMISSORY NOTE: indorsement: mortgage.

III. The judgment of Wilson & Co., being junior to plaintiff's mortgage, and no bad faith shown on the part of plaintiff, his lien is paramount to the judgment.

IV. It is urged by defendants that plaintiff's demurrer is not in proper form. If this be so they cannot, after recognizing its sufficiency in the stipulation, under which the case was submitted, now take advantage of the defect.

2. PRACTICE: demurrer.

V. The defendants, Wilson & Co., claim that plaintiff has not assigned as error the overruling of the demurrer to their answer. As we have said, the demurrer was to both answers—there was but one demurrer in the case. In his assignment of errors plaintiff designates the demurrer as being to the answer of Edwards. But this is sufficient to indicate that the ruling

thereon is assigned for error. It was overruled as to Wilson & Co.'s answer, against which it was directed. The plaintiff, clearly designating the demurrer, assigns as error the ruling thereon. This is sufficient.

VI. The court should have sustained the demurrer and rendered judgment upon the pleadings and stipulation against the makers of the note, and entered a proper decree of foreclosure declaring the mortgage to be paramount to Wilson & Co.'s judgment.

REVERSED.