## CLASEY v. SIGG ET AL.

1. **Promissory Note**: BONA FIDE HOLDER. The *bona fide* assignee of a note and mortgage transferred before maturity, without notice of infirmities, is not affected thereby.

2. ——— : ——— : FUTURE ADVANCES. Where a note and mortgage were assigned to a bank as security for anything the assignor owed or might owe, it was *held* that the subsequent recording of a prior mortgage would not affect the bank's priority, even with respect to advances made after the recording.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, JUNE 11.

ON November 13, 1876, the defendant Sigg executed to the plaintiff a negotiable promissory note, and also a mortgage, to secure the same, which was recorded March 13, 1877. On January 2, 1877, he executed a like note and mortgage to Spielman on the same premises covered by plaintiff's mortgage. This mortgage was recorded January 13, 1877. The note was payable one year after date. Before the plaintiff's mortgage was recorded Spielman transferred and delivered the note and mortgage executed to him to the Dubuque County Bank as collateral security for money loaned. Spielman had actual notice of the plaintiff's mortgage at the time his was executed, but the bank did not have any such notice at the time the mortgage was transferred to it. It was sought in this action to foreclose both of said mortgages, and the only question was as to which had priority. The Circuit Court held the Spielman mortgage in the hands of the bank, to the extent of advancements made thereon, was entitled to priority, and the plaintiff appeals.

*Boies & Couch,* for appellant.

*T. S. & H. E. Wilson,* for appellees.

Clasey v. Sigg.

Seevers, J.—I.   That the *bona fide* assignee of a note and mortgage, without notice of infirmities, was not affected there-

**1. PROMISSORY note: bona fide holder.**   by, was held in *Preston, Kean & Co. v. Case*, 42 Iowa, 549.   This case was followed in *Farmers' National Bank v. Fletcher*, 44 Id., 252.   In both of these cases, as well as the one at bar, the notes secured by the mortgages were negotiable and had been transferred before due.   There is no distinction in principle in these cases.   The learned counsel for the appellant, in an ingenious argument, attempts to make one, but in our opinion he has signally failed.

*English v. Waples*, 13 Iowa, 57, and *Sims v. Hammond*, 33 Id., 368, were referred to in the case last cited and distinguished.   We are content with what is there said, except it may be remarked that the effect of the negotiability of the mortgage debt was not considered, for the reason that no such question could under the facts arise.

II.   Spielman borrowed of the bank two hundred dollars, and the note and mortgage were delivered as collateral secu-

**2. ——: ——: future advances.**   rity therefor.   Subsequently, and after plaintiff's mortgage had been recorded, he borrowed two hundred dollars more.   Afterward these loans were combined in a note for four hundred dollars, and the mortgage was held by the bank as collateral therefor.   When the note and mortgage were delivered to the bank there was no agreement made as to future advances, but the president of the bank testified they were left with the bank as security for what Spielman "owed or might owe."   This evidence was in no manner contradicted or impeached.

It is insisted in no event is the bank entitled to priority except as to the two hundred dollars first loaned.   The argument amounts to this, that the bank was bound by what appeared of record at the time each advance was made. When the bank obtained the note and mortgage there was nothing of record impeaching the mortgage in any respect. Its title thereto was, therefore, perfect and complete, and we are not prepared to say it could not make with safety future

advances thereon.   There was no reason to suppose anything could be placed on record that could affect the validity of the security held by it.   To so hold would be requiring an unusual degree of diligence and care.   The only authority cited by counsel, in support of the claimed doctrine, is *English v. Waples*, before cited.   We do not understand the point to have been considered, much less determined, in that case.

AFFIRMED.