# IN THE COURT OF APPEALS OF IOWA

No. 14-1651
Filed October 28, 2015

US BANK NATIONAL ASSOCIATION, AS
TRUSTEE, SUCCESSOR IN INTEREST TO
BANK ONE, NATIONAL ASSOCIATION
AS TRUSTEE FOR CREDIT SUISSE
FIRST BOSTON MORTGAGE
SECURITIES CORP., MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2003-8,
    Plaintiff-Appellee,

vs.

LEDERMAN BONDING, MAIN STREET
ACQUISITIONS CORPORATION,
AND PARTIES IN POSSESSION,
    Defendants,

and

TERRY F. RICE and
DAVID A. GOINGS,
    Defendants-Appellants.
_____

    Appeal from the Iowa District Court for Black Hawk County, David F.

Staudt, Judge.


    Property owners appeal the district court's grant of summary judgment to

the bank, foreclosing the mortgage on the property in question.  **AFFIRMED.**

    John W. Holmes of Holmes & Holmes, Waterloo, for appellants.

    Jesse Linebaugh and Angela Morales of Faegre Baker Daniels LLP, Des

Moines, for appellee.

    Considered by Vogel, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

Terry Rice and David Goings (property owners) appeal the district court's grant of summary judgment in favor of U.S. Bank, foreclosing a mortgage on property located in Black Hawk County. We affirm the district court.[1]

The material facts in this case are not in dispute. Rice signed and delivered a promissory note to Mortgage One, Inc., dated October 25, 2002, in the fixed principal sum $67,950. The promissory note was secured by property owned by Rice and Goings, each of whom signed a mortgage on the property. On September 29, 2011, U.S. Bank initiated this foreclosure action after the property owners defaulted on the note. U.S. Bank held the original note. After the case was initiated, Mortgage One, Inc. assigned the mortgage to U.S. Bank.

The district court granted U.S. Bank's motion for summary judgment. It concluded "the Note falls under the definition of a negotiable instrument under [Iowa Code section] 554.3104 [(2011)]. Pursuant to [section] 554.3205, the bearer of a negotiable instrument is entitled to enforce the contractual provisions." The court also concluded the transfer of the note "carries to the transferee the benefit of the mortgage" even if the written assignment of the mortgage contained technical errors. *See* Iowa Code § 554.9203(7); *Whitney v. Eichner*, 216 N.W. 625, 626 (Iowa 1927) ("Some fundamental questions of law

---

[1] U.S. Bank asserts this appeal should be dismissed as the property owners filed the notice of appeal before the foreclosure decree was entered, making their appeal interlocutory. "When a ruling sustaining a motion for summary judgment is dispositive of the entire case, it is a final judgment for purposes of appeal." *Swets Motor Sales, Inc. v. Pruisner*, 236 N.W.2d 299, 302 (Iowa 1975). The summary judgment ruling in this case resolved all issues in the foreclosure action, and the foreclosure decree was a mere formality. We therefore will decide the case on the merits even though the final foreclosure decree was filed after the notice of appeal.

are settled, among which are: First, that the transfer of one of a series of notes secured by a mortgage carries to the transferee the benefit of the mortgage, even though the mortgage may not be assigned to him.").

The property owners make numerous arguments in support of their appeal. They maintain: (1) there was no delivery of a mortgage assignment by the original mortgagee to U.S. Bank before the original mortgagee was dissolved; (2) the note was not a negotiable instrument because the parties modified the terms of the loan at closing; (3) there was no evidence that the note sued on was delivered to U.S. Bank before the suit was filed; (4) there was no affidavit U.S. Bank took the note in good faith and without notice of default; (5) the note was not signed by both titleholders to the real estate; and (6) U.S. Bank failed to produce proof of an unbroken chain of title to the mortgage.

We conclude the district court did not err in granting U.S. Bank's motion for summary judgment. The property owners failed to preserve error on many of the arguments they now make on appeal, and we will not address them for the first time here. *See Doe v. Roe*, No. 14-0490, 2015 WL 576060, at *2 (Iowa Ct. App. Feb. 11, 2015) ("Thus, under our error preservation rules, an issue must ordinarily be raised in and decided by the district court before we will address it on appeal."). To the extent the property owners' issues are properly presented for appellate review, the issues are not material. *See* Iowa R. Civ. P. 1.981(3) ("The judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Dickerson v. Mertz*, 547 N.W.2d 208, 212 (Iowa 1996) ("An issue

of fact is 'material' only when the dispute is over facts that might affect the outcome of the litigation, given the applicable governing law.").  The questions presented have long been settled by statute and case law, and the bank was entitled to foreclose the mortgage.  *See* Iowa Code §§ 554.3301 (stating the person entitled to enforce an instrument includes the holder of the instrument), 554.1201(2)(u) (defining "holder" to include the person in possession of the negotiable instrument made payable to the bearer of the instrument or an identified person in possession), 561.13(1) ("A conveyance or encumbrance of, or contract to convey or encumber the homestead, if the owner is married, is not valid, unless and until the spouse of the owner executes the same or a like instrument."); *see also Pope & Slocum v. Jacobus*, 10 Iowa 262, 263 (1859) ("The assignment of the debt, it is conceded as a general rule, draws after it the mortgage, as a consequence or appurtenance to it."); *Crow, McCreary & Co. v. Vance*, 4 Iowa 434, 441 (1857) ("The right of the mortgagee is a mere chattel interest, inseparable from the debt it is intended to secure, and transferable by a mere assignment of the debt, without deed or writing.  The debt is the principal thing.  The right of the mortgagee in the land, is an incident attached to the debt, and ceasing when the debt is discharged.").

We affirm the district court without further opinion.  *See* Iowa Ct. R. 21.26(1)(a) and (d).

**AFFIRMED.**