## BURBANK v. WARWICK ET AL.

1. MORTGAGE: WANT OF CONSIDERATION: ASSIGNMENT. Where a mortgage purporting to secure a certain promissory note of the mortgagor was executed to one having knowledge that it was without consideration, and no note was ever delivered, it was held that an assignee of the mortgage took it subject to all equities existing between the original parties, and that it could not be enforced.

*Appeal from Cass District Court.*

SATURDAY, DECEMBER 6.

ACTION to foreclose a mortgage on real estate. There was a decree dismissing the petition, and the plaintiff appeals.

*H. G. Curtis*, for appellant.

*H. E. Griswold* and *Phelps & DeLano*, for appellees.

SEEVERS, J.—I. The mortgage, for such it is in legal effect under the laws of this state, was executed by Mrs. Maria S. Swann, in July, 1873. As recited therein it was given to secure the payment of a promissory note of even date therewith, for $2,000, payable in four years, and executed by Mrs. Swann. The undisputed facts are that J. M. Swann was indebted to Mrs. Gricke, the mortgagee, in the sum of $1,300 or $1,400, and he applied to the mortgagor to aid him in paying said indebtedness, or to fur-

*1. MORTGAGE: want of consideration: assignment.*

nish him the mortgage so that money could be raised thereon and paid to Mrs. Gricke for the time being, but the payment of the mortgage was not to be enforced. Which of these propositions is true is disputed. However this may be the mortgage was executed and delivered to J. M. Swann, who delivered it to the mortgagee. It was held by the latter until September, 1875, when she, or some one for her, caused it to be filed for record. In August, 1876, Mrs. Gricke sold, assigned and delivered the mortgage to the plaintiff.

The defendant Warwick purchased the mortgaged premises of Mrs. Swann in June, 1876, and had full notice of the mortgage. Mrs. Gricke did not have the note in her possession when she assigned the mortgage to the plaintiff, but she testifies, and is corroborated by the plaintiff, that she represented to him it was in the hands of her agent or friend, J. M. Swann, and that she would get it and deliver it to the plaintiff. This, for reasons hereafter appearing, she was unable to do.

The further material facts are disputed, and must be determined by the preponderance of the evidence. Before entering into that branch of the case, it is deemed best to state the relations of some of the parties and the witnesses to each other. Mrs. Swann is dead. J. M. Swann is her son, and his wife is the sister of Mrs. Gricke. The plaintiff at the time of the several transactions was to some extent at least the agent of Mrs. Gricke, and Reynolds, a witness for the defendants, is the grandson of Mrs. Swann. Mrs. Gricke testifies the note secured by the mortgage was delivered to her by J. M. Swann at the time the mortgage was, and that she afterward gave it to him as her agent or friend to keep for her. This is denied by Swann, who testifies his mother did not send him the note, and it never was in his possession. Reynolds testifies that he, at the request of Mrs. Swann, drafted the note and mortgage, and "that about two or three weeks thereafter Mrs. Swann showed me the same note," and that acting on his advice, about Christmas, 1873, she in his presence destroyed it. The foregoing is all the evidence which bears on the question of the delivery of the note to Mrs. Gricke, and we think the pre-

ponderance of the evidence is that it never was delivered, and we so find.

Both Mrs. Gricke and the plaintiff took the mortgage charged with notice that it had been given to secure a promissory note, and they each knew the note was not delivered to them with the mortgage. Mrs. Gricke also knew there was no consideration for the mortgage. Whether the note was negotiable, the evidence does not show. This, however, is believed to be immaterial, because the note as a matter of fact never was assigned to the plaintiff. All he got was the mortgage, and certainly it was not negotiable, so that an assignment thereof would cut off equities existing between the parties thereto. By the assignment of the mortgage the plaintiff succeeded to all t ¿ rights of Mrs. Gricke, and nothing more.

It is regarded as doubtful whether an assignment of the mortgage carried with it the debt which was evidenced by the note. 1 Hilliard on Mortgages, 236. That such would not be the case if the note after the assignment of the mortgage had been indorsed to a holder in good faith without notice, we incline to think is true. But, as it is possible as between these parties the assignment of the mortgage would have that effect, the question is not determined. The defendant, having purchased the land with notice, has no better rights than Mrs. Swann. The question to be determined, therefore, is whether if this action had been brought by Mrs. Gricke against Mrs. Swann there could be a recovery.

The terms and conditions of the mortgage would not estop Mrs. Swann from pleading and proving there was no consideration for the mortgage, or from establishing the non-delivery of the note. The mortgage does not purport to secure any indebtedness except that evidenced by the note, and herein is the distinction between this case and *Brown v. Cascaden*, 43 Iowa, 103.

It cannot be doubted there was no consideration for the mortgage. This, as has been said, Mrs. Gricke knew. She gave up nothing for the mortgage, and there is no evidence tending to show that she released the debt of J. M. Swann, or that she forebore to bring suit thereon because of the mort-

gage, or that he is not just as able to pay now as when she received the mortgage.

We, therefore, think the plaintiff cannot recover, without entering into a consideration of the disputed question as to how money was to be raised on the mortgage, and who was to repay it.

AFFIRMED.