## THE STATE OF IOWA,

DES MOINES, DECEMBER TERM, A. D. 1881.

IN THE THIRTY-FIFTH YEAR OF THE STATE.

---

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
 " WILLIAM H. SEEVERS,
 " JAMES G. DAY,
 " JAMES H. ROTHROCK, } JUDGES.
 " JOSEPH M. BECK,

---

### TABOR v. FOY.

1. **Mortgage:** ASSIGNEE TAKES SUBJECT TO DEFENSES. A mortgage is not a negotiable instrument, and an assignee, although purchasing before maturity, takes it subject to all defenses existing against it in the hands of the mortgagee.

2. **Practice in the Supreme Court:** ACTION TRIABLE DE NOVO: ERRORS. Neither the allowance of amendments to pleadings after decree, nor the improper admission or exclusion of evidence in the court below are grounds for reversal in an action triable *de novo* by the Supreme Court.

*Appeal from Lee District Court.*

WEDNESDAY, OCTOBER 4.

ACTION in chancery to foreclose a mortgage. Upon a trial on the merits there was a decree dismissing plaintiff's petition and directing that the mortgage be canceled as prayed for in a cross bill filed by defendant. Plaintiff appeals. The facts of the case are set out in the opinion.

*Hurley & Hale* and *D. A. Sprague,* for appellant.

*Van Valkenburg & Hamilton* and *Craig & Collier,* for appellee.

BECK, J.—I. The mortgage, which is the foundation of plaintiff's action, purports to secure a promissory note for $3,000, payable to J. P. Stevenson or order, and is alleged in the petition to have been executed by defendant. It was transferred by the payee before maturity and by a second indorsement reached the hands of plaintiff. The defendant in her answer alleges that the note was not signed by her and is a forgery. She admits the execution of the mortgage, but avers that it was procured by the fraud of the mortgagee, who represented that the instrument was to secure the payment of $2,000, which he and his partner owed to a bank; that the mortgagee was her son-in-law and his partner her son, and on account of her relation to these parties she was willing to aid them by executing the mortgage, and she had full confidence in the truth of Stephenson's representation to her; that she did not read or hear read the mortgage, and was utterly ignorant of its contents, and that no consideration whatever was received by her on account of her execution of the instrument. She alleges that she was deceived and defrauded by Stephenson, and thereby induced to execute the mortgage for $3,000 to him instead of a like instrument for $2,000 to the bank, of which plaintiff had actual notice when

the mortgage was transferred to him.   The answer is made a cross bill and prays that the mortgage may be canceled. Other allegations of the petition need not be recited here. The plaintiff denies the averments of the .petition and alleges that he acquired the note as a good faith indorsee and assignee before the maturity of the debt, and·without notice of the defense set up by defendant.

II.   The evidence shows that the mortgage was duly acknowledged and recorded, and that the note was indorsed and the mortgage assigned to plaintiff before maturity.   In the view we take of the case, we need not consider the evidence upon which defendant claims that plaintiff had actual notice of her defenses when the note and mortgage were transferred to him.

We are of the opinion that the testimony satisfactorily shows that the note was not signed by defendant, and her signature thereto was forged by Stephenson.   She testifies positively and directly to this effect, and her testimony is in some manner supported by·other witnesses and circumstances disclosed by the evidence.   It is shown that Stephenson, about the same time, had committed another forgery, which, in connection with the fact that he was not called upon to support the note, has some influence in leading our minds to the conclusion we have reached.   Her positive testimony is assailed by the testimony of experts who testify, from comparison of the signature in question with other signatures supposed to be genuine, that they believe the name affixed to the note was written by defendant.   Like testimony of other experts based upon comparison of the same writings disclose the belief on their part that the signature is a forgery.   The expert testimony on both sides of the case has but little value from the rather singular fact that it is almost exclusively based upon the comparison of the signatures to the note and mortgage.   While the signature to the mortgage is not denied by defendant, but indirectly admitted in her answer,

the court below seems to have reached the conclusion that it was forged as well as the signature to the note. Defendant in her testimony does not testify as to the genuineness of the signature to the mortgage. If we are to regard it as genuine, it must be admitted that the expert testimony, being based almost alone upon the comparison of the signature in controversy with this signature to the mortgage, has not the weight it would possess had comparison been made with other signatures shown to be genuine.

III. The note being found to be forged no recovery can be based upon it. But plaintiff insists that as he is a good faith assignee for value of the mortgage, and acquired it before its maturity, he is entitled to recover. But the difficulty in the way of plaintiff's position is that the rule he relies upon prevails exclusively in commercial law and is applicable alone to the case of negotiable paper. The assignee of non-negotiable paper is not protected from defenses of the obligor or grantor arising on account of matters existing between the original parties to the paper, or on account of frauds perpetrated in procuring its execution. A mortgage is not a negotiable instrument, and the rule of commercial law invoked by plaintiff is not applicable to the case.

1. MORTGAGE: assignee takes subject to defenses.

It will not do to say that defendant by executing the mortgage and putting it into circulation ought not to be permitted, as against an innocent holder, to allege that it is not binding upon her. The trouble with this position is that the doctrine of innocent holders has no application except as to holders of commercial paper. See *Pope & Slocum v. Jacobus*, 10 Iowa, 262; 1 Hilliard on Mortgages, p. 527, *et seq.*

The testimony clearly establishes that the mortgage was without consideration and procured by the fraud of Stephenson, whereby defendant was induced to execute the instrument to a party and for an amount not contemplated and agreed to by her. Stephenson could not have recovered upon

the mortgage; plaintiff has no higher or better rights under the assignment.

IV. After the cause was tried and the decree signed defendant filed an amended pleading denying that she signed the mortgage and averring that her signature thereto was a forgery. The ruling of the court in permitting this amendment to be filed is alleged by plaintiff to be erroneous and the ground for the reversal of the decree of the court below. We may admit for the purpose of the case, without, however, deciding the point, that the amendment was erroneously allowed. Yet the error does not require the decree to be disturbed. The cause is tried *here de novo*. If we disregard the amendment and hold that defendant admits the execution of the mortgage, which we have done in the foregoing discussion, the plaintiff is not entitled to recover for the reason we have above stated. The amendment works no prejudice to plaintiff in this court, and is not, therefore, a ground for reversing the decree of the court below.

*2. PRACTICE in the supreme court: action triable de novo: errors.*

V. A deposition was read against plaintiff's objection on the ground that the witness was in court and his oral testimony should have been taken. We need not review the ruling of the court admitting the deposition for the reason that the witness, after his deposition was read, testified orally, and all matters which plaintiff desired to introduce in evidence through his testimony were, or could have been, called out upon his examination. The cause being tried here *de novo* will not be reversed for errors in the admission of the testimony which work no prejudice. Plaintiff has all the evidence which he thought proper to elicit upon the examination of the witness. His case is fairly before us in the condition he chose to present it. It may be tried upon the evidence he has introduced without inquiry as to the correctness of the ruling of the court in question.

Under Code, section 2742, as amended, the plaintiff was authorized to present the testimony of her witnesses or any part

thereof in writing. The court, therefore, did not err in permitting her to read the deposition in question.

The foregoing discussion disposes of all questions arising in the case. The decree of the District Court is

AFFIRMED.