THE FIRST NATIONAL BANK OF NEVADA v. BRYAN ET AL.

1. **Pleading and practice:** ANSWER AIDED BY EVIDENCE. Where the facts set up in the answer, considered in the light of evidence admitted without objection, were sufficient to constitute the defense of duress, such defense will be considered as having been made.

2. **Duress:** FACTS CONSTITUTING. Where a woman's husband was illegally restrained in the office of an attorney, who represented to her that unless she executed a mortgage on her homestead her husband would be arrested on a charge of felony, and she executed the mortgage solely to avoid his arrest, *held* that the mortgage was obtained under duress, and was void. See *Green v. Scranage*, 19 Iowa, 461.

3. ————: MORTGAGE OBTAINED BY: INNOCENT HOLDER. While it has been held by this court that a *bona fide* indorsee before maturity of a note secured by a mortgage, without notice of infirmities, takes the mortgage, as he takes the note, free from the defenses to which it is subject in the hands of the mortgagee, (see cases cited,) yet this doctrine will not be extended to a case like this, where the mortgage was upon the homestead of a woman who did not sign the note, and whose signature to the mortgage was secured by duress.

*Appeal from Story District Court.*

THURSDAY, OCTOBER 18.

THE plaintiff, as the indorsee before maturity of a negotiable promissory note for $645, executed by Solon Bryan to the order of P. F. Nelson, brings this action to recover the amount of said note, and to foreclose a mortgage to secure the same, executed by Mary E. Bryan and Solon Bryan upon their homestead. The court found that both the note and mortgage were obtained by duress, and that the plaintiff, as an innocent holder of the note for value before maturity, was entitled to recover upon the note, but was not entitled to a foreclosure of the mortgage. The plaintiff appeals.

*Dyer* and *Fitchpatrick*, for appellant.

*C. H. Balliett* and *S. F. Balliett*, for appellee.

DAY, CH., J.—I. The appellant insists that the answer does not set up that the note and mortgage were obtained by duress. **1. PLEADING and practice: answer aided by evidence.** The appellees filed an amended abstract, setting forth that the defendant, under leave of court, filed an amended answer to meet the evidence, formally setting up that the note and mortgage were made under duress. The appellant denies that such amendment was filed. We have examined the transcript, and do not find any reference to such amendment. However, we regard this question as immaterial. The original answer sets up facts sufficient to present the defense of duress, in view of the fact that the evidence was admitted without objection.

II. It appears from the evidence that Solon Bryan had a contract for erecting a school house in Harlan; that he pur *2. DURESS: facts consti- tuting.* chased the bricks therefor from P. F. Nelson, and that, to secure $945 of the purchase price, he executed a chattel mortgage upon one hundred and fifty thousand of the bricks; that he failed in the execution of his contract, and turned over his contract, together with the bricks mortgaged to Nelson, to the sureties on his bond for the performance of his contract; and that they assumed and completed the erection of the building. It further appears that the sureties had knowledge of the existence of the mortgage when they took the assignment of the contract. The attorney of Nelson locked Solon Bryan in his office, and demanded a mortgage to secure the balance due on the bricks, which was then $645, and represented that unless he executed the mortgage he was liable to prosecution, and would probably be prosecuted for selling and disposing of mortgaged property. The attorney also procured a letter to Mary E. Bryan from her husband for a description of the homestead property. She at first refused to furnish a description without seeing her husband. The attorney of Nelson told her that she could not see her husband, that he was locked up in his office and could not come out; that Bryan had sold mortgaged property; and that they had a warrant for his arrest, and that if she would give a description of the homestead for a mortgage it would save his arrest; that it was a penitentiary offense to sell mortgaged property, and that if she did not give the description they would send him to the penitentiary. Mary E. Bryan went to the office of the attorney and was admitted, and her husband then told her that they had got him into some trouble, and that by giving a mortgage upon the homestead for a short time it would help him out. It seems that the note and mortgage were executed at that time and place. Mary E. Bryan testifies that she was induced to sign the mortgage by what the attorney had said, that it would save Mr. Bryan's arrest, and that they would straighten it up before the mort-

gage was due. We are satisfied that the execution of the mortgage was not the voluntary act of Mary E. Bryan, and that it was obtained by duress, under the doctrine of *Green and Densmore v. Scranage*, 19 Iowa, 461.

III. The most important question in the case is as to whether the plaintiff, an innocent holder of the note before maturity, is entitled to a foreclosure of the mortgage. It

3. ——: MORTGAGE obtained by innocent holder.

has been held by this court that a *bona fide* indorsee before maturity of a note secured by a mortgage, without notice of infirmities, takes the mortgage as he takes the note, free from the defenses to which it is subject in the hands of the mortgagee. *Preston, Kean & Co., v. Morris, Case & Co.*, 42 Iowa, 549; *The Farmers' National Bank of Salem v. Fletcher*, 44 Id., 252; *Clasey v. Sigg et al.*, 51 Id., 371. In all of these cases the mortgages were voluntarily executed upon the property of the persons who executed the notes. Beyond the doctrine of these cases we do not feel justified in going, in the application to mortgages of the principles which pertain to negotiable paper. In *Burbank v. Warnich*, 52 Iowa, 493, when no note was delivered with the mortgage to the mortgagee, it was held that an asignee of the mortgagee took it subject to all equities between the original parties. In *Tabor v. Foy*, 56 Iowa, 539, where the note accompanying the mortgage was forged, it was held that the asignee of the mortgagee took it subject to all defenses existing against it in the hands of the mortgagee, notwithstanding the admission of the mortgagor that she signed the mortgage. This case differs from all those which have heretofore been determined in this court. In this case the mortgaged property belongs to Mary E. Bryan, who did not sign the note, and the mortgaged property is her homestead. Her execution of the mortgage was procured by duress, and was not her free and voluntary act. Section 1990 of the Code requires the concurrence of both the husband and wife to a conveyance or incumbrance of the homestead. Mary E. Bryan did not legally concur in this conveyance. As between

her and the mortgagee, the mortgage was void. Mortgages are not intended to circulate as commercial paper, and we do not think that the interests of commerce require that the principles applicable to negotiable paper shall be extended to a mortgage executed under such circumstances as the mortgage in question. The judgment of the court below is

AFFIRMED.