## BRITTON *et al.* v. LOMBARD.

No. 5770. Opinion Filed October 19, 1915.

(152 Pac. 590.)

1. **DURESS.** It is provided by Rev. Laws 1910, sec. 900, that duress consists in: (1) Unlawful confinement of the person of the party, or of the husband or wife of such party, or of an ancestor, descendant, or adopted child of such party, husband or wife; (2) unlawful detention of the property of any such person; or (3) confinement of such person, lawful in form, but fraudulently obtained, or fraudulently made, unjustly harassing or offensive.

2. **APPEAL. AND ERROR—Ground for Reversal—Instructions—Duress.** Where the defense to a contract was that it was obtained by duress, and the court instructs the jury that the word "duress" means such a powerful influence and dominion over another as to take away free agency, and destroy the power of withholding assent in a person of ordinary firmness, **held** reversible error, especially where an instruction was requested in the words of the statute.

3. **DURESS—Decisions from Other States.** What constitutes duress in Oklahoma is provided by statute, and authorities from other states having no such statute have no application.

(Syllabus by Devereux, C.)

*Error from County Court, Tulsa County;*
*Conn Linn, Judge.*

Replevin by W. L. Britton and another, partners doing business as the Tulsa Music Company, against Clara Lombard. Judgment for defendant, and plaintiffs bring error. Reversed and remanded, for new trial.

This was an action of replevin to recover a player piano alleged to have been sold to the defendant on monthly payments, the plaintiffs in error securing the payments by a contract, which provided that the vendors should retain the title until full payment, and further providing that, in case default should be made in any of

the monthly payments, the vendors might take possession. The petition alleged a default in the payments, and a demand and refusal, and that the plaintiffs were entitled to the immediate possession. The defendant's answer, which was verified, was a general denial, and further alleged that no demand had been made, and that the action ought of right to abate, and the parties be restored to their original position. She denied the alleged indebtedness, and denied detaining the property. She alleged that her signature was obtained to the conditional sale contract by and through fraud and duress, and that the player piano was defective and worthless. There are other allegations in the answer, but they are not material to be set out in the view we take of the case.

The evidence on the question of duress was that the defendant owned a piano, and that one of the plaintiffs in error came to her house with her husband, who was intoxicated, and the husband insisted that she purchase the player piano at the price of $550 and allow her own piano to be taken as part payment at $250, and that she sign the contract attached to the petition, agreeing to part with her own piano, and pay the $15 per month until the remainder was paid. The defendant did not wish to do this, but finally consented through fear of her drunken husband, who said that, if she did not do so, he would kick her own piano out of the house.

On the question of duress the plaintiffs in error requested an instruction defining "duress," in the words of the statute (Rev. Laws 1910, sec. 900), which was refused, and exception noted, and in place thereof the court gave the jury the following instruction:

"The court instructs the jury that the duress which takes away free agency and destroys the power of with-

holding assent of a person of reasonable and ordinary firmness is such a duress as would invalidate and make void any contract signed under such conditions; that the word 'duress' as used herein, means such a powerful influence and dominion over another as to destroy and take away free agency, and destroys the power of withholding assent of a person of reasonable and ordinary firmness."

This instruction was duly excepted to. There was a verdict for the defendant, motion for a new trial, which was overruled, and exception saved, and the case is brought to this court by petition in error and case-made.

*Martin & Moss*, for plaintiffs in error.

*John D. Wakely*, for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). Assuming, but not deciding, that there was evidence in the record on the question of duress sufficient to go to the jury in any event, there was error in the charge as given, and in refusing to give the instruction requested on this subject. Our statute defines "duress" as follows (Rev. Laws 1910, sec. 900) :

"First. Unlawful confinement of the person of the party, or of husband or wife of such party, or of an ancestor, descendant, or adopted child of such party, husband or wife.

"Second. Unlawful detention of the property of any such person; or,

"Third. Confinement of such person, lawful in form, but fraudulently obtained, or fraudulently made unjustly, harassing or oppressive."

In *Snyder v. Stribling*, 18 Okla. 168, on page 200, 89 Pac. 222 on page 232, it is said:

"Instructions numbered 7 and 9 relate to the questions of duress and undue influence in the execution of the contract of October 1st, and state the effect upon a contract made without consideration or under duress or undue influence. These questions are regulated by our statutory provisions, and the authorities cited have but little application, and are not controlling.

"The instruction defining duress and undue influence in the execution of contracts is copied from the provisions of the statute (Wilson's Stat. 1903, vol. 1, c. 15, art. 1), and, while such instruction embodies some propositions that have no application to the case, in our judgment, the inapplicable provisions were so palpably foreign that they could in no event have been misleading, and hence, not prejudicial."

In its charge the trial court abandoned the statutory rule by which duress is measured, although expressly asked to instruct the jury in the words of the statute, and laid down an entirely different rule.

We therefore recommend that the judgment be reversed, and the case remanded for a new trial.

By the Court: It is so ordered.