## CHOCTAW COTTON OIL CO. v. WILLIAMS.

No. 7206—Opinion Filed Nov. 6, 1917.

(168 Pac. 792.)

**Contracts — Trial—"Fraud"—Statute — Instructions.**

Where one is induced to enter into a contract by reason of tricks, dissembling, or

other unfair means practiced upon him, the same constitutes "fraud," and it was error for the court to refuse, when requested, to so instruct the jury.

(Syllabus by Hooker, C.)

Error from County Court, Seminole County; A. S. Norvell, Judge.

Suit by L. Williams against the Choctaw Cotton Oil Company. Judgment for plaintiff and defendant brings error. Reversed and remanded for new trial.

Edward Howell, C. Guy Cutlip, and Thos. J. Horsley, for plaintiff in error.

Pryor & Stokes, for defendant in error.

Opinion by HOOKER, C. In the bill of particulars filed herein it was claimed that in October, 1913, the defendant in error sold to the plaintiff in error 1,725 pounds of seed cotton for $4.10 per hundred, for which the company agreed to pay, but had failed so to do, and judgment was sought to recover the same. The defense was fraud in obtaining the contract, and it was further asserted that, immediately upon discovery of the fraud, the defendant below rescinded said contract and offered to return all of said property to the plaintiff below. Upon this issue the cause was tried by a jury and a judgment rendered against the plaintiff in error as prayed for.

The testimony of the plaintiff in error would indicate that the defendant in error, Williams, had partially loaded a wagon bed with bolls of cotton, green bolls and sticks and earth, and upon the top thereof had tramped 300 or 400 pounds of picked cotton of reasonably good condition, and had sold the same to the company at the price stated, but that the agent of the company was deceived by the use of this trick and artifice, and believing that the entire load was as the top part thereof, which he examined at the time he purchased the same, and that as soon as he discovered that there was only a few hundred pounds of the cotton which he thought he had bought and the balance thereof was of such inferior grade and was in such a condition that it could not be ginned, it rescinded the contract and offered to restore the same to the defendant in error, but that he refused to accept it.

The evidence in this case would justify any fair-minded man in reaching the conclusion that the defendant in error was guilty of unfair practice in loading this cotton as he did and making a sale thereof to the agent of the company, and it is clearly apparent from his own testimony that he placed the good cotton on top of the inferior cotton for the express purpose of unloading the same upon some innocent third party; and some of the evidence would indicate that this was done for the express purpose of inducing the agent of the company to purchase this cotton.

In Wesley v. Diamond, 26 Okla. 170, 109 Pac. 524, this court said:

"Where a party has been induced by fraud and deceit to part with title to real property and is seeking relief, he has a choice of remedies. He may affirm the contract, and sue for damages, or he may rescind; but he cannot do both."

And in the body of the opinion it is said:

"As nearly as plaintiffs' claims can be succinctly stated, it is their contention that they were by deceit and fraud induced to execute and deliver the deeds referred to, and they are now seeking relief from these acts; but their petition discloses that no consistent theory on their part is being pursued. In their pleading they neither elect to secure the cancellation of the deeds, rescind the sale, and return to the grantee the money received, nor do they elect to abide the terms of the sale and sue to recover the balance due. They have in their pleading sought to do one or the other, and have given defendants no information on which of these remedies they rely. The defendants are entitled, as a matter of right, to know this, and plaintiffs should in their petition present a consistent theory of their cause of action and of the relief to which they claim to be entitled to the end that defendants, should they elect to do so, may waive contention and allow judgment."

In the case at bar, the plaintiff in error contends that it rescinded the contract, and its defense was presented in the trial court upon the sole theory that it had rescinded said contract by reason of the fraud and misrepresentation practiced upon it by the defendant in error, and the defense as pleaded, if true, is sufficient to bar a recovery in this action upon the ground of fraud. See Cooper v. Ft. Smith, 23 Okla. 139, 99 Pac. 785.

Under article 5, c. 12, of the Revised Laws of 1910, one has the right, where he is induced to enter into a contract by reason of fraud practiced upon him by another with whom he contracts, to rescind the same. And section 986 thereof defines the duty of one attempting to rescind a contract.

It is asserted by the defendant in error here that the plaintiff in error did not restore, or offer to restore, the property received by it from him by virtue of this contract, and for that reason the right of the

plaintiff in error to rescind said contract cannot be maintained. This presented a question of fact which was presented to the jury, and under proper instructions of the court the jury decided this issue adversely to the plaintiff in error, and, inasmuch as the evidence reasonably supports the verdict of the jury, we cannot, under the well-established rule of this court, disturb the same for that reason.

It is further asserted by the plaintiff in error that, inasmuch as it pleaded facts sufficient to constitute fraud which it alleges was practiced upon it by defendant in error in procuring the execution of the contract involved here, the trial court committed error in refusing to give to the jury an instruction covering the statutory definition of fraud as requested by it.

The sole instruction upon the question of fraud, as given by the court, is as follows:

"The law provides that a contract may be rescinded for fraud or mistake where such mistake is a matter essential to the inducement of the contract and is not capable of exact and entire compensation."

The plaintiff in error, however, requested an instruction based upon section 903 of the Revised Laws of 1910, which instruction was as follows:

"You are instructed that the fraud which entitles a person to rescind a contract is either, first, the suggestion as a fact, of that which is not true, by one who does not believe it to be true; second, the assertion, as a fact, of that which is not true by one who has reasonable grounds for believing it to be true; third, the suppression of the fact by one who is bound to disclose it, or gives information of other facts which are likely to mislead for want of communication of fact."

This instruction defining "fraud" was refused by the trial court. It is asserted that, under the peculiar facts of this case, the refusal of the court to give this instruction constituted error. Kerr on Fraud and Mistake, p. 42, says:

"All surprises, trick, cunning, dissembling and other unfair way that is used to cheat any one, is considered as fraud."

R. C. L. vol. 12, p. 319, is as follows:

"The rule that fraud cannot be predicated of a failure to disclose facts where the information is as accessible to one party as to the other, and the truth may be ascertained by the exercise of reasonable diligence, does not justify a resort to active deceit or fraud, and hence does not apply where a party, in addition to nondisclosure, uses any artifice to throw the other party

off his guard and to lull him into a false security. Therefore each party to the contract must take care not to say or do anything tending to impose upon the other. The concealment becomes a fraud where it is effected by misleading and deceptive talk, acts, or conduct, or is accompanied by misrepresentations, or where in addition to a party's silence there is any statement, word, or act on his part which tends affirmatively to a suppression of the truth, or to a covering up or disguising of the truth, or to a withdrawal or distraction of a party's attention from the real facts; then the line is overstepped and the concealment becomes a fraud."

See cases cited in notes at page 320 of 12 R. C. L.

In A., T. & S. F. Ry. Co. v. Jamison, 46 Okla. 609, 149 Pac. 195, it is stated:

"In a case tried to a jury where the evidence tends to support the same, it is the duty of the court to submit by proper instructions the theory of the defense; and failure so to do, at the request of defendant, constitutes prejudicial error."

In 38 Cyc. 703, the rule is stated as follows:

"Where a timely request is made for instructions which correctly propound the law and which are warranted by the evidence and pleadings in the case, it is the duty of the court to give them and error to refuse them."

And in Dunlap & Taylor v. Flowers, 21 Okla. 600, 96 Pac. 643, the Supreme Court of this state said:

"It is error for the court to refuse to give a requested instruction upon a proposition of law applicable to the issues and evidence in the case, when such instruction is not submitted or covered by any other instruction of the court's charge or by the charge of the court taken as a whole."

We must bear in mind that the theory of the defense was that fraud had been practiced upon it in the execution of this contract of purchase, and, if the defendant in error was guilty of the acts charged against him and testified to by the plaintiff in error and its witnesses, the same then constituted fraud sufficient to relieve it from its contract. Considering this case as a whole, we are of the opinion that the trial court should have given to the jury the instruction requested by the plaintiff in error defining what constitutes fraud.

This court, in Britton et al. v. Lombard, 52 Okla. 41, 152 Pac. 590, lays down the rule which indicates that, where the trial court has refused to give an instruction upon the subject defining fraud, an instruc-

tion in the language of the statute, the same should have been given to the jury, and that it is error to refuse the same.

The defendant in error denied having practiced any fraud upon the company, and we cannot tell whether the judgment of the court in his favor was due to a lack of evidence to establish fraud or the lack of evidence to show rescission on the part of the company. However, viewing this case as it is, we believe that this refusal of the court to give this instruction was prejudicial to the rights of the plaintiff in error, and for that reason this cause is reversed and remanded for a new trial consistent with this opinion.

By the Court: It is so ordered.