## LUNA v. MILLER.

No. 24269.   March 26, 1935.

Bryan Phillips, for plaintiff in error.

Morris & Wilhite, for defendant in error.

PER CURIAM. Action was originally brought in the district court of Caddo county by A. H. Miller, as plaintiff, against Alice Luna, nee Senoya, and G. R. Luna, defendants, to recover upon a promissory note and to foreclose a real estate mortgage securing the same. Judgment was rendered for plaintiff on February 4, 1932, the journal entry reciting that the defendants appeared in person and by attorney and announced that they did not care to introduce any evidence. Some months later, the defendant Alice Luna filed a petition to set aside and vacate the judgment, and attached to said petition was an answer which she asked permission to file. Plaintiff below filed a general demurrer to this petition, which was sustained by the trial court. The only question is, Whether the trial court committed error in sustaining such demurrer; or, in other words, Did the petition to vacate filed by the plaintiff in error, Alice Luna, state a cause of action?

The petition to vacate sets up a copy of the prior judgment and alleges, in substance:

(1) That said judgment was obtained by fraud in that the defendant Alice Luna had employed an attorney who was incompetent and had been adjudged insane, and plaintiff's attorney failed to advise such defendant of such incompetency.

(2) That there was unavoidable casualty and misfortune preventing the defendant Alice Luna from prosecuting her defense, in that her attorney had filed as her answer an unverified general denial, had not informed her that the action was set for trial, and that judgment was rendered without her knowledge.

(3) That she has a good and valid defense as set out in her tendered answer.

As to the first of said grounds we know of no duty, and plaintiff in error has cited no authority to the effect that there is any duty resting upon one party to litigation to advise the other party as to the competency of the attorney employed by him, and the failure to do so certainly does not constitute fraud.

The defendant's second contention, that there was unavoidable casualty and misfortune preventing her from prosecuting her defense, and that the judgment was rendered in her absence and without her knowledge, is answered by the recitation in the decree that she appeared in person and by attorney and announced ready for trial, and that she did not care to introduce any evidence. This finding by the trial court is probably conclusive in an application to vacate the judgment. Continental Gin Co. v. DeBord, 34 Okla. 66, 123 P. 159. But, as said by this court in Olentine et al. v. Alberty et al., 82 Okla. 9, 198 P. 296:

"When 'unavoidable casualty or misfortune' is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches."

In Schneider v. Decker et al., 144 Okla. 213, 291 P. 80, the third paragraph of the syllabus reads:

"It is a general rule that neither the ignorance, mistake, nor the misapprehension of an attorney, not occasioned by the adverse party, is any ground for vacating a judgment. Neither will relief ordinarily be granted upon any ground that the attorney, through design, ignorance, or negligence, mismanaged the defense."

In order to vacate a judgment upon petition, the defendant must not only have shown fraud of the successful party, or unavoidable casualty and misfortune preventing her from making her defense, but that

she had in fact a good defense. The answer tendered by her sets out:

(1) A general denial;

(2) Admits that she executed the note and mortgage sued on;

(3) Denies that the note and mortgage were given to Roy C. Smith for a good and valuable consideration, and especially for $1,000;

(4) Denies that Smith transferred and assigned the same to plaintiff Miller for a good and valuable consideration;

(5) Denies that she received a consideration for the giving of the note and mortgage, but does not deny that her husband received such consideration;

(6) Alleges that she was induced to sign the note and mortgage under duress in that Smith and Miller advised with her husband to threaten that he would leave her and go to Mexico, and that she would never see him again unless she signed such note and mortgage.

Taking the answer as a whole, it does not indicate any intention to deny that there was any consideration passing from the plaintiff to the husband of Alice Luna, but only that the consideration was not paid to her. No consideration passing directly to her was necessary.

This leaves the allegations as to duress, which, to say the least, are very indefinite and uncertain, as there is no allegation that said advice was followed, or that such threats were made or that she believed them and executed the note and mortgage because of them, except the general statement "that said mortgage and note were signed under duress as aforesaid." In this state, what constitutes duress is provided by statute, and the allegations of the answer in no way plead anything defined as duress by by the statute. In Britton et al. v. Lombard, 52 Okla. 41, 152 P. 590, the syllabus is as follows:

"It is provided by Rev. Laws 1910, sec. 900, that duress consists in: (1) Unlawful confinement of the person of the party, or of the husband or wife of such party, or of an ancestor, descendant, or adopted child of such party, husband or wife; (2) unlawful detention of the property of any such person; or (3) confinement of such person. lawful in form, but fraudulently obtained, or fraudulently made, unjustly harassing or offensive.

"Where the defense to a contract was that it was obtained by duress, and the court instructs the jury that the word 'duress' means such a powerful influence and dominion over another as to take away free agency, and destroy the power of withholding assent in a person of ordinary firmness, held reversible error, especially where an instruction was requested in the words of the statute.

"What constitutes duress in Oklahoma is provided by statute, and authorities from other states having no such statute have no application."

Even if our statute did not define and limit duress, the defendant's allegations. would seem to be insufficient. In 13 C. J. 397, it is said:

"There is no duress where a man induces his wife to mortgage her separate estate by threatening to withdraw himself from her society if she refuses, or where a husband threatens that, unless his wife signs his note as a surety, he will poison himself."

The judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys Frank Wells, John H. Halley, and Streeter B. Flynn in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wells, and approved by Mr. Halley and Mr. Flynn, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL. C. J., OSBORN, V. C. J., and BAYLESS. PHELPS, and CORN, JJ., concur.